UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS F. KANE, SR.,

          Plaintiff,

  v.

THE MANUFACTURERS LIFE
INSURANCE COMPANY,

          Defendant.

Civ. Action No. 08-4581 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I.     INTRODUCTION**

Plaintiff Thomas Kane ("Kane") filed this state declaratory judgment action alleging that his obligations under certain non-recourse notes have been satisfied. When defendant, The Manufacturers Life Insurance Company ("Manulife"), removed the case to federal court, Kane timely filed this motion to remand. The motion is denied.

**II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

The facts of this case are somewhat intricate. Kane was a principal of Printon Kane Government Securities, L.P. ("Printon Kane"), a now-defunct limited liability partnership organized under the laws of Delaware. Compl. ¶ 5. During the liquidation of Printon Kane in 1995, two state court actions were pending against it in the New Jersey Superior Court, Chancery Division (the "Chancery Actions"). Compl. ¶ 14. These actions were eventually resolved by a stipulated settlement, consisting of five documents: a "Memorandum of Understanding and Settlement ("MOU"), two "Stipulations of Settlement" ("SOS"), and two Stipulations of

1

Dismissal ("SOD") (collectively, the "settlement documents").[1]  Compl. ¶ 14; Certification of Jonathan I. Rabinowitz ("Rabinowitz Cert") Exs. A, B, C.  The SOS and SOD were court submissions formally disposing of the pending litigation, while the MOU is a contractual document outlining the terms of dismissal.  Manulife, which was not a party to the Chancery Actions, did not sign either the SOS or SOD, but did execute the MOU.  See Brief in Opposition to Motion to Remand ("Def. Br.") at 2-3.  The settlement documents all contain retention of jurisdiction provisions in favor of the state court.  These forum selection clauses are the same or in substantially similar form in each of the settlement documents:

> This agreement is subject to . . . [r]etention of jurisdiction by the Court for the purpose of enforcing the judgment. . . . The Court shall retain jurisdiction over the settlement and that [sic] the settlement shall be memorialized in the form of a final judgment or other pleading closing the case.[2]

Rabinowitz Cert. Ex. A, ¶ 20.

Pursuant to the stipulated settlement, Kane executed three non-recourse notes (the "Notes") in favor of Manulife, secured by Kane's interests in (1) a Los Angeles office building known as the "Beaudry Building"; and (2) Adare Partners, a limited partnership owning a golf course in Ireland.[3]  Compl. ¶¶ 19-21; Plaintiff's Brief in Support of Motion to Remand ("Pl. Br.") at 3.  The Notes themselves do not contain any forum selection provision.  Kane alleges that in 2001, the Beaudry Building was sold, and the proceeds were used to satisfy in full the amounts due on the Notes.  Compl. ¶¶ 26-26; Pl. Br. at 4.

---

[1] One SOS and SOD for each of the pending Chancery Actions was executed; the MOU covered both actions.

[2] To avoid repetition and because Manulife signed the MOU and not the SOS or SOD, the Court reproduces only the retention of jurisdiction clause in the MOU.  The parties do not dispute the existence or similarity of these clauses in the settlement documents.

[3] The parties refer separately to the pledge of the interests securing the Notes.  For simplicity, the Court's reference to the Notes includes the pledge of the collateral as well.

In March 2006, after the Notes had matured, Manulife demanded payment from Kane. Compl. ¶ 23; Declaration of Lizanne V. Hackett ("Hackett Decl.") Ex. A. Kane rejected this demand upon the belief that the application of the proceeds from the sale of the Beaudry Building had extinguished his obligation under the Notes. Pl. Br. at 4. Manulife thereafter commenced suit in Delaware state court (the "Delaware Action") against Kane and his company, Thomas F. Kane, Inc. ("TFKI"),[4] seeking a judicial declaration of liability under the Notes and specific performance on the same. Compl. ¶ 23; Def. Br. at 4; Hackett Decl. Ex. B.

Kane made a motion to the Delaware court to abstain from exercising jurisdiction based upon the forum selection clauses in the settlement documents. Def. Br. at 4-5. The court denied the motion because the action involved the alleged breach of the terms of the Notes, and did not concern an alleged breach of the settlement documents themselves. The court stated:

> [T]his is not an action to enforce the settlement agreement. And I think it would be an exceedingly odd interpretation of an abstention of jurisdiction to enforce the settlement agreement, to have it apply to an action 12 years after the fact by a party suing on notes it received, and under a pledge agreement it received, and which receipt essentially reflected the defendants' fulfillment of its obligations under the settlement agreement.
>
> I don't need to interpret the settlement to decide this case. I just need to look at the notes . . . . And so I don't see the basis for me to bind a party . . . to something that . . . isn't clearly an exclusive venue provision as to a claim that's not covered by the plain language of that provision.
>
> So I'm going to deny the motion and the case will go forward.

Hackett Decl. Ex. C at 44:11-20; 45:10-18; 46:6-7; Def. Br. at 5.

Subsequently, the Delaware court did dismiss for lack of personal jurisdiction. Compl. ¶ 24; Pl. Br. at 4; Def. Br. at 5. Kane then filed this civil action in New Jersey Superior Court,

---

[4] The Court's reference to Kane in the Delaware action encompasses both Kane individually and TFKI. Only Thomas Kane, however, in his individual capacity, is a party to this action.

3

Chancery Division. Manulife removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a), 1332(a), relying on the parties' diverse citizenship and the amount in controversy [D.E. # 1]. After Manulife answered and counterclaimed [D.E. # 3], Kane filed the instant motion [D.E. # 6].

### III.  DISCUSSION

A district court must remand a case to the state court from which it was removed if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). While there is no question that the Court has diversity jurisdiction, see Pl. Br. at 5, Kane seeks remand on three grounds. First, he resumes his argument that the Court should decline to exercise jurisdiction because of the forum selection clauses in the settlement documents. Second, he argues that the Court should abstain from deciding the matter (and thus remand) under the Brillhart abstention doctrine because the action seeks only declaratory relief under local law. Third, he argues that the Colorado River abstention doctrine warrants similar deference to a state court proceeding. The Court discusses—and rejects—each argument in turn.

### A.  Jurisdiction Retention Clauses

Kane contends, and the Court agrees, that a district court has authority to remand on the basis of a contractual forum selection clause requiring state court adjudication. See Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1215-1217 (3d Cir. 1991); Bradgate Assocs. v. Fellows, Read & Assocs., 999 F.2d 745, 750 n.4 (3d Cir. 1993). The Court also agrees with Kane that a jurisdictional retention provision in a stipulated settlement falls under the same analytical rubric as does a contractual forum selection clause. See McDowell v. Philadelphia Housing Authority, 423 F.3d 233, 240 (3d Cir. 2005). The Court's agreement with Kane, however, ends there. The

Court's general power to remand pursuant to a forum selection clause does not *ipso facto* mean that the forum selection clause at issue here compels a return to state court.

In opposition to the present motion, Manulife makes three stand-alone arguments. First, it says that this action concerns the alleged breach of the independent obligations required under the Notes, and does not relate to any alleged breach of the settlement terms. Second, if the Court deems the jurisdictional retention provisions to govern the case, those forum selection clauses are permissive and non-exclusive. Finally, even if the Court disagrees with it on the first two points, Manulife asserts that Kane is collaterally estopped from invoking the jurisdictional retention clauses because the court in the Delaware Action has already decided the issue against him. The Court agrees with Manulife on the first two of Manulife's arguments, and thus need not reach the closer question of issue preclusion.

### 1. The Forum Selection Clauses Do Not Apply

Despite Kane's valiant attempt to equate enforcement of the Notes with enforcement of the terms of the settlement documents, the fact remains that the terms of settlement that disposed of the Chancery Actions have been satisfied. The settlement documents called for Kane, as is relevant here, to issue the Notes. He did that. By issuing the Notes, Kane was discharged from his duties *under the settlement documents* as they related to Manulife. To be sure, Kane owed new obligations under the Notes he issued, but that does not mean the terms of the Notes incorporated the forum selection clauses. The Court agrees with Manulife and the Delaware state court that the jurisdictional retention provisions in the settlement documents does not apply here. It therefore adopts the court's substantive analysis, quoted above, with respect to the inapplicability of the forum selection clauses over the pending action. The Notes, and not the settlement documents, will govern the outcome of this case.

Kane cites, as he did in the Delaware Action, In re McMahon Books, Inc., 173 B.R. 868, 876 (Bankr. D. Del. 1994), and Pusey v. Estate of Pappas, No. 99A-01-010, 1999 WL 1241070 at *5 (Del. Super. Ct. Sept. 23, 1999). Both cases are distinguishable.

McMahon Books is unhelpful to Kane for three reasons. First, that case concerned whether the bankruptcy court should abstain from exercising its jurisdiction in the interests of justice, pursuant to its broad discretion under 28 U.S.C. § 1334(c)(1). So the legal underpinnings are not analogous here. The Court does not have the bankruptcy court's wide-ranging authority to decline jurisdiction when parties have not contracted to litigate in a different forum; subject matter jurisdiction is either present or it isn't. The Court disagrees with Kane's position that bankruptcy reorganization plans are analogous to the issue at hand. See Pl. Rep. Br. at 4-5. An ongoing, dynamic restructuring of a business under Chapter 11 of the Bankruptcy Code is quite different from the settlement of a civil damages action that concludes upon fulfillment of the parties' agreement.

Second, the court in McMahon Books construed a jurisdiction retention clause in settlement papers broadly (as Kane emphasizes) only insofar as the clause did not preclude the exercise of jurisdiction over those not party to the original action. 173 B.R. at 875-76. It did not reach the question whether a completely different agreement—with its own set of terms—arising out of the execution of the settlement could also fall within the retention clause. Manulife concedes that it would be subject to the jurisdiction of the state court if we were dealing with issuance of the Notes in the first place (i.e., compliance with the terms of settlement). Once the Notes were issued, however, the retention clauses no longer bound the parties to the state courts of New Jersey.

Third, McMahon Books is distinguished because a material reason the bankruptcy court abstained from exercising jurisdiction was its concern for inconsistent interpretations of the settlement agreement between itself and the district court. Id. at 875. But here no interpretation of the settlement documents will be needed; only the terms of the Notes will be scrutinized in this action. Thus, the Notes are not "tightly intertwined" with the settlement documents. See id. at 874.

The second case cited by Kane, Pusey v. Estate of Pappas, does permit (where McMahon Books does not) a jurisdictional retention clause to cover independent obligations not directly flowing from a settlement agreement itself. 1999 WL 1241070, at *5. But there the appellate court explicitly stated that the "court below did not err as a matter of law in determining that the action before it *necessarily involved interpretation of the settlement agreement*," thus deferring to the court that had overseen the settlement. Id. (emphasis added). As stated above, the Court finds the facts of this case opposite to Pusey's—this action *necessarily does not* involve interpretation of the settlement documents.

      2. The Forum Selection Clauses are Permissive and Non-Exclusive with Respect to the Notes

Related to the point above, the Court does not believe the jurisdictional retention provisions in the settlement documents are either exclusive or mandatory. "Without explicit contract language to the contrary, the courts afford great weight to a plaintiff's choice of forum." Eisenbud v. Omnitech, No. 14695, 1996 Del. Ch. LEXIS 37, at *3-4 (Del. Ch. Mar. 21, 1996) (quoting McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co., 263 A.2d 281, 283 (Del. 1970)). In Eisenbud, the Delaware Chancery Court confronted the very issue raised here. In deciding whether to give exclusive effect to a forum selection clause (a first impression issue in Delaware at the time), the Court stated:

> The absence of dispositive Delaware case law forces me to focus on the general policy the Supreme Court directed in McWane. As Plaintiff indicates, the general trend appears consistent with [case law]—absent clear language, a court will not interpret a forum selection clause to indicate the parties intended to make jurisdiction exclusive. . . . Here, the plain language of the forum selection clause does not exclusively restrict the forum . . . to [a particular court]. . . . Parties should not be bound forever to a static forum selection process unless unequivocal language expresses that intention so clearly that a court could not interpret the professed forum selection clause otherwise.

Id. (quoting case law from other jurisdictions).

The forum selection clauses here do say that the state court "shall retain" jurisdiction over enforcement of the settlement documents in the Chancery Actions. But the use of "shall" in this context means nothing more than that the state court does not give up its jurisdiction to enforce the settlement documents; "shall," as used in the clause, does not mean "must": it simply means the state court still has jurisdiction. The authority cited by Kane with respect to the use of the word "shall" is unhelpful. See Pl. Rep. Br. at 7-8. In those cases, "shall" modified phrases such as "be governed by" or "be decided in" or "be determined by." See Chisso Am., Inc. v. M/V Hanjin Osaka, 307 F. Supp. 2d 621, 624 (D.N.J. 2004) (citing cases). Conversely, the words "shall retain" does not necessarily demand exclusivity. See Union Steel Am. Co. v. M/V Sanko Spruce, 14 F. Supp. 2d 682, 687 (D.N.J. 1998) (a "clause stating any dispute 'shall be decided,' is not a clause which by providing that a certain forum *shall* have jurisdiction leaves open the question whether such provision was intended to mean that no other forum shall be appropriate") (emphasis in original).

In any event, phrased as it is in the forum selection clauses, the mandatory nature of the word "shall" relates only to the enforcement of the settlement documents themselves. The policy behind mandatory and exclusive retention provisions is to prevent another court from usurping

8

the judgments and orders of the issuing court. As discussed above, however, the due execution of the settlement documents is not in doubt. This lawsuit concerns the Notes. The state court need not be concerned about a usurpation of its authority. Thus, Kane's cited authority from other jurisdictions simply supports what the Court has already decided—that a retention clause, if interpreted to be mandatory and exclusive, is only mandatory and exclusive as to the settlement documents, and not as it relates to an independent obligation arising indirectly from the settlement.

        3. Conclusion

This lawsuit is about Kane's obligations under the Notes, not the settlement documents. Had there been a dispute between the parties over the execution of the stipulated settlement of the Chancery Actions in the first instance, then the Court would face a much different question. But it is not faced with that issue, because the parties indisputably complied with the settlement documents. The Court finds that the forum retention clauses in the settlement documents are insufficient grounds for remand.

**B. Brillhart Abstention**

Kane argues that this Court, despite having proper diversity jurisdiction, should nevertheless abstain from exercising it under the federal abstention doctrine formulated in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942).[5] Under the doctrine, federal district courts have broad discretion to decline to exercise jurisdiction where there is a parallel state court

---

[5] In his reply brief, Kane refers for the first time to "Buford Abstention." See Pl. Rep. Br. at 12-14. The Court is unaware of any such doctrine. It assumes Kane means to invoke the abstention doctrine outlined in Burford v. Sun Oil Co., 319 U.S. 315 (1943), a case which deals with federal court deference to "difficult questions of state law or . . . complex state policies." Matusow v. Trans-County Title Agency, L.L.C., No. 07-2148, 2008 U.S. App. LEXIS 21584, at *17 (3d Cir. October 16, 2008). Unlike this case, where a "state creates a complex regulatory scheme, supervised by the state courts and central to state interests," abstention might be proper. Lac D'Amiante du Quebec, Ltee v. American Home Assurance Co., 864 F.2d 1033, 1043 (3d Cir. 1988). Because no such issues exist here, Burford Abstention is clearly inappropriate. The Court also assumes Kane has not abandoned his original Brillhart argument.

proceeding and the federal relief requested is a declaratory judgment presenting only questions of local laws. See Marshall v. Laurialt, 372 F.3d 175, 183-84 (3d Cir. 2004) (discussing Brillhart). For the following reasons, Brillhart abstention is unwarranted.

First, the Court agrees it must look to all claims before it, and not only to those claims existing at the time of removal. As Manulife correctly points out, all of the cases cited by Kane stand only for the proposition that a court must look to the face of the plaintiff's well-pleaded complaint at the time of removal for the purpose of determining whether or not it has *jurisdiction* in deciding whether to remand. See Pl. Br. at 7-8; Westmoreland Hosp. Ass'n v. Blue Cross of W. Pennsylvania, 605 F.2d 119, 123 (3d Cir. 1979); Woulfe v. Atlantic City Steel Pier Co., 124 F.2d 322, 324 (3d. Cir. 1941). But Kane accepts that the Court had diversity jurisdiction when the case was removed. The properly framed issue is whether the Court should consider Manulife's counterclaims for damages in analyzing whether abstention is appropriate under Brillhart. The Court agrees with Manulife that Brillhart itself precludes abstention unless "the claims of *all* parties in interest" can be adjudicated in the state court forum. 316 U.S. at 495 (emphasis added). The doctrine thus clearly envisions consideration of all claims made at the time of analysis. Additionally, this Court has previously rejected the argument that Brillhart abstention is proper when there are claims for damages at law. See Hartford Life Ins. Co. v. Rosenfeld, 2007 U.S. Dist. LEXIS 55819, at *11-13 (D.N.J. Aug. 1, 2007).

More fundamentally, Brillhart abstention is appropriate where the issues in a *parallel proceeding* concern only local laws. See Marshall, 372 F. 3d at 183. There is no parallel proceeding here. The Chancery Actions were terminated in 1995 by the settlement documents, Kane is no longer a party to the Delaware Action, and this very case has been removed from state court. Kane's attempt to breathe new life into the Chancery Actions simply because there is

10

a jurisdictional retention clause in the settlement documents is unconvincing. If every settled case were considered a pending case for purposes of abstention analysis, abstention jurisprudence—which by its very nature is the "exception rather than the rule," <u>Bryant v. New Jersey DOT</u>, 1 F. Supp. 2d 426, 436 (3d Cir. 1998)—would lose its specialized character. The absence of a parallel proceeding counsels against abstention, and may well proscribe it outright.

Finally, additional factors to be considered in <u>Brillhart</u> analysis are: (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies. <u>United States v. Pennsylvania Dep't of Envtl. Resources</u>, 923 F.2d 1071, 1075 (3d Cir. 1991). None of these factors persuades the Court to abstain. A declaration in this action (in favor of either party) will completely resolve the dispute. The Court envisions no inconvenience to either party by litigating in this Court, nor is aware of any overriding public interest factors that necessitate remand. The Court will not abstain under <u>Brillhart</u>.

### C. <u>Colorado River</u> Abstention

Abstention under <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817 (1976) permits a district court in exceedingly limited circumstances to abstain where exceptional circumstances demand deference to a parallel state court proceeding. See <u>Trent v. Dial Medical of Florida, Inc.</u>, 33 F.3d 217, 223 (3d Cir. 1994). <u>Colorado River</u> discusses district courts' "virtually unflagging obligation . . . to exercise the jurisdiction given them." 424 U.S. at 813. Thus, under its own terms, abstention under <u>Colorado River</u> is to be used sparingly, and as discussed above, the lack of a valid parallel state proceeding precludes application of the doctrine at all. See <u>Ryan v. Johnson</u>, 115 F.3d 193, 196 (3d Cir. 1997) ("A threshold issue that

must be decided in any Colorado River abstention case is whether the two actions are 'parallel.' If they are not, then the district court lacks the power to abstain."); Trent, 33 F.3d at 223; Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc., 49 F. Supp. 2d 709, 718 (D.N.J. 1999) ("Any inquiry into whether such exceptional circumstances exist must be preceded by a determination that the concurrent state and federal actions are parallel.").

Nor do any exceptional circumstances exist that would permit remand.  Factors the Court must consider include: (1) whether the case involves the Court's exercise of jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether state or federal law provides the rule for decision; and (6) whether the state court can adequately protect the rights of the parties. Rosenfeld, 2007 U.S. Dist. LEXIS 55819, at *19-20 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983)).

The Court agrees with Manulife that:  (1) the Court has not asserted jurisdiction over any *res* that militates in favor of abstention; (2) this forum is no more inconvenient than New Jersey Superior Court, which is located just up the road from the federal building; and (3) the entire action will be litigated in its entirety, either in state or federal court, and thus litigating in federal court runs no risk of piecemeal litigation.  As for the final three factors, the Court finds that even if they helped Kane (and the Court does not so hold), they hardly compel Colorado River abstention.

IV.     CONCLUSION

For the foregoing reasons, Kane's motion to remand is denied.

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN
UNITED STATES DISTRICT JUDGE

13