NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS F. KANE, SR.,
    Plaintiff/Counterclaim Defendant,

v.

THE MANUFACTURERS LIFE
INSURANCE COMPANY,
    Defendant/Counterclaim Plaintiff,

v.

JUDITH KANE,
    Additional Counterclaim Defendant.

Civ. Action No. 08-4581 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

Defendant, The Manufacturers Life Insurance Company, ("Manulife" or "defendant") moves to dismiss Counts III through VIII ("New Claims") and the Ninth Affirmative Defense ("New Defense") raised in plaintiff Thomas F. Kane's ("Kane" or "plaintiff") amended pleadings. [D.E. 69.] For the reasons set forth herein, the Court grants Manulife's motion to dismiss.

**I.    FACTS**

This case relates to a pair of agreements executed by Kane and Manulife in 1995. Kane is a businessman who in the 1980s and 1990s borrowed money from his son's business. (Am. Compl. ¶¶ 3, 9–12.) The business assigned its right to the debt to Manulife. (*Id.* ¶ 13.) In three promissory notes ("Notes") and a related pledge agreement ("Adare Pledge Agreement") entered into in 1995, Kane amended the notes that had been assigned to Manulife and provided security for those

1

obligations to Manulife.  (*Id.* ¶¶ 7–12; 19–20.)  At the same time, the parties entered into a separate pledge agreement ("Beaudry Building Agreement"), in which Kane pledged his interest in an entity that owned a building in California ("Beaudry Building") to Manulife as additional collateral for debt incurred under the Notes and Adare Pledge Agreement.  (*Id.* at ¶¶ 37–38.)

In 2006, Manulife sued Kane and other parties in the Chancery Court of Delaware, seeking to collect the debt and enforce rights under the Notes and Adare Pledge Agreement.  (*Id.* at ¶ 27.)  The action was dismissed without prejudice for lack of personal jurisdiction over Kane in June 2008.  (*Id.* at ¶ 28.)  Shortly thereafter, Kane initiated the present action,[1] seeking a declaratory judgment releasing him from the debt and obligations under the Notes and Adare Pledge Agreement.  Manulife counterclaimed for the same relief it had sought in the Delaware action.  [D.E. 3.]  After initially responding to Manulife's counterclaims in October 2008, Kane filed an amended complaint on November 24, 2009.  [D.E. 30.]  The amended complaint for the first time raised the New Claims, which relate to Manulife's 2001 sale of the Beaudry Building and application of the proceeds to pay down the outstanding debt.  (Am. Compl. ¶¶ 39-40.)  The New Claims allege that Manulife acted negligently and breached various duties in connection with the sale.  (*Id.* at ¶¶ 39-52, 61-82.)  Manulife then filed an amended answer and counterclaims [D.E. 31], and on Dec. 14, 2009, Kane filed an amended answer to Manulife's counterclaims [D.E. 39.], pleading also for the first time the New Defense, an affirmative defense for recoupment of the damages allegedly suffered by Kane as a result of the breaches associated with the sale of the Beaudry Building.  (Pl.'s Am. Answer ¶¶ 68-69.)

---

[1] Kane filed in state court, but Manulife successfully removed to the Court [D.E. 1] by virtue of diversity of citizenship and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a)(2).

In response to Kane's amended pleadings, Manulife filed the present motion to dismiss the New Claims and Defense. [D.E. 69.] Manulife argues that the New Claims and New Defense are time barred by the relevant statutes of limitations. (*See* Moving Br.) Kane disagrees, contending that the New Claims and Defense are saved by two applicable savings statutes and that factual disputes make a motion to dismiss inappropriate at this time. (Opp'n Br. at 12–25.)

## II. DISCUSSION

### A. Motion to Dismiss Standard

When deciding a motion to dismiss, a court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be made therefrom. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When a party seeks dismissal on the basis of an expired statute of limitations, courts hesitate to grant such motions due to the inherently factual elements of a statute of limitations inquiry, such as the date of relevant transactions, the date of accrual and the fact that "[n]ormally, parties will not learn that a limitations period has expired until discovery." *Saylor v. Ridge*, 989 F. Supp. 680, 684 (E.D. Pa. 1998). "When the applicability of the statute of limitations is in dispute, there are usually factual questions as to when a plaintiff discovered or should have discovered the elements of its cause of action, and thus defendants bear a heavy burden in seeking to establish as a matter of law that the challenged claims are barred." *S. Cross Overseas Agencies v. Wah Kwong Shipping Group*, 181 F.3d 410, 425 (3d Cir. 1999) (quoting *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 498 (3d Cir. 1985)). However, as with other allegations of outstanding factual disputes, dismissal is

appropriate where "it is clear from the face of the pleadings that a statute of limitations has expired . . . ." *Saylor v. Ridge*, 989 F. Supp. at 684; *see also Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (reiterating the "Third Circuit Rule" that allows defenses of expired statutes of limitations in Fed. R. Civ. P. 12(b)(6) motions).

### B. Choice of Law

Plaintiff and Defendant consent—and the Court agrees—that New York law applies to the relevant agreements and underlying relationship between the parties, based on contractual provisions in the Notes, Adare Pledge Agreement and Beaudry Building Agreement. (Pl.'s Choice of Law Br.; Def.'s Choice of Law Br.); *see* Notes ¶ 11, attached as Exs. 2–4 to Def.'s Answer; Adare Pledge Agreement ¶ 15, attached as Ex. 1 to Def.'s Answer.)[2]

"In evaluating whether a contractual choice-of-law clause is enforceable, federal courts sitting in diversity apply the choice-of-law rules of the forum state." *Homa v. Amer. Express Co.*, 558 F.3d 225, 227 (3d Cir. 2009). New Jersey courts will ordinarily uphold a party's contractual choice of law provided that it does not violate New Jersey's public policy. *Homa v. Amer. Express Co.*, *supra*, 558 F.3d at 227. This analysis applies to statutes of limitation. *See Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 140 (1973). While New Jersey does not have a savings statute comparable to N.Y. C.P.L.R. 205, the provisions of this statute cannot be said to violate a fundamental state policy. Nor can N.Y. C.P.L.R. 203(d), which codifies the doctrine of equitable recoupment, be said to violate state policy, as New Jersey common law recognizes this doctrine. *See, e.g.*, *Midlantic Nat'l Bank v. Georgian, Ltd.*, 559 A.2d 872 (N.J. Super. Ct. 1989). Thus, the

---

[2] The parties agree that the Beaudry Building Agreement similarly provides that New York law applies, (Pl.'s Choice of Law Br. at 2; Def.'s Choice of Law Br. at 1), although said document is not before the Court at this time.

Court finds that New York law applies to the instant motion.

### C. The Applicable Statutes of Limitations

Manulife and Kane dispute which statutes of limitations apply to Kane's claims, which is immaterial because those statutes have run out regardless of which one applies. However, for the sake of clarity, a brief overview is in order. In the counts relevant to the motion to dismiss, Kane pleads negligent due diligence (Count III), breach of fiduciary duty (Count IV), breach of creditor duty (Count V), negligent appraisal (Count VI),[3] breach of the implied covenant of good faith and fair dealing (Count VII), and a claim for punitive damages (Count VIII). [D.E. 30.] Both parties agree that a six-year statute of limitations applies to Kane's claim for breach of the implied covenant of good faith and fair dealing. (Moving Br. at 8; Opp'n Br. at 11.) Kane argues that a six-year limit applies to the remaining claims, as well. (Opp'n Br. at 11.) Meanwhile, Manulife contends that a three-year limit applies to Counts III through VI and takes no position on Count VIII. (Moving Br. at 8.) Nevertheless, both parties agree that all of the claims accrued on October 31, 2001, when the Beaudry Building was sold, so to be timely, the claims must have been brought no later than October 31, 2007, regardless of the applicable statute of limitations. (Moving Br. at 8; Opp'n Br. at 11.) Kane first asserted the New Claims on November 24, 2009 [D.E. 30], and first asserted the New Defense on December 14, 2009 [D.E. 39]. Therefore, any potentially applicable statute of limitations had expired by the time Kane brought the claims at issue here.

### D. Applicability of New York Savings Statutes

Because the statutes of limitations have expired on his claims, Kane seeks the protection of two savings statutes: N.Y. C.P.L.R. 205(b) and 203(d), both of which Manulife argues are

---

[3] Kane contends that this count actually states a claim for negligent due diligence and that Manulife mischaracterizes it as claiming negligent appraisal. The difference is inconsequential.

5

inapplicable. For the reasons set forth below, the Court finds that neither statute applies under the current circumstances, and therefore the New Claims and Affirmative Defense are not saved.

### 1. N.Y. C.P.L.R. 205(b)

N.Y. C.P.L.R. 205(b) reads:

> Where the defendant has served an answer and the action is terminated in any manner, and a new action upon the same transaction or occurrence or series of transactions or occurrences is commenced by the plaintiff or his successor in interest, the assertion of any cause of action or defense by the defendant in the new action shall be timely if it was timely asserted in the prior action.

This statute generally operates to save now-untimely claims and defenses that had been timely raised in a previous suit. *See, e.g.*, *McGovern v. Cherry Valley Realty Corp.*, 631 N.Y.S.2d 498 (N.Y. Sup. Ct. 1995). The Court's straightforward reading of this statute leads to the conclusion that it only saves claims and defenses (1) that were timely asserted in an earlier action, (2) in an answer actually served in that action, and (3) that are offered by a defendant in the present action. *See* N.Y. C.P.L.R. 205(b). No reported case has squarely resolved whether the statute's scope includes a claim or defense by a defendant like Kane, who did not actually file an answer in a prior action because he succeeded in having the action dismissed for lack of personal jurisdiction. However, an examination of the legislative history of this provision supports its literal reading.

The current form of C.P.L.R. 205 was enacted in 1965 on the basis of a recommendation by Professor Joseph M. McLaughlin of Fordham Law School on behalf of the New York Judicial Conference. *See* Joseph M. McLaughlin, Admin. Bd. of the Judicial Conference of N.Y., *The Discovery Provisions of Article Two of the C.P.L.R. and Other Problems with the Statute of Limitations* 109 (1964) (Legislative Doc. No. 90). At that time, the existing statute set out the savings clause substantially as section (a) does now, merely adding that ". . . the defendant may

6

interpose any defense or counterclaim *which might have been interposed in the original action.*" *Id.* (emphasis added). Professor McLaughlin suggested separating the individual savings clauses in order to clarify that a defendant's claim or defense could be raised in a second action even if the plaintiff did not rely on this particular rule. *Id.* In the context of his proposal, Professor McLaughlin specifically recommended that "the phrase 'might have been interposed,' presently found in CPLR 205, be replaced by the more limited phrase 'he [i.e. the defendant] had interposed.' This restriction seems reasonable in view of the total broadening effect of the whole amendment." *Id.* Later that year, the Judicial Conference's legislative report included substantially all of McLaughlin's recommended statutory amendments,[4] which were summarily enacted as 1965 N.Y. Laws ch. 233. *See* N.Y. Judicial Conference Report on the Civil Practice Law and Rules (McKinney 1963), *reprinted in* 1965 N.Y. Laws. Thus, it is clear that while the enactment of 205(b) expanded the protections offered to defendants generally, it was specifically intended to require that an answer actually be filed in the prior action if a defendant's future counterclaims or defenses are to be saved.

Kane argues that such a reading of 205(b) is too stringent on defendants who do not furnish an answer in a prior action solely due to a dismissal of the action. (Opp'n Br. at 12–13.) He

---

[4] A comparison of the two versions suggests that the Judicial Conference altered the language for stylistic reasons. Professor McLaughlin's 205(b) read,

> Where defendant has served an answer and the action is terminated in any manner, and a new action is commenced by plaintiff or his successor in interest, whether the period of limitation is tolled or not, such defendant may interpose any defense or counterclaim which he had interposed in the original action.

This rather dense presentation, which does not clearly describe which period of limitations need not have tolled, gave way to the present articulation retaining McLaughlin's well-explained limitation that counterclaims must have been actually filed in an answer to qualify for the statute's protection.

contends that it is "logical, fair and equitable" to read 205(b) to preserve defenses and counterclaims that "could have been timely asserted if the party had an opportunity to do so," suggesting that it is unfair to force defendants to choose between filing an answer and submitting to the court's or risk having their counterclaims time-barred should plaintiffs decide to try again in another court. (*Id.*) Kane's policy concerns notwithstanding, the Court must adhere to the plain meaning of C.P.L.R. 205(b), a reading endorsed by the legislative history. The statute specifically requires that an answer have been served in the terminated action and that the claims and defenses be those that were "timely asserted in the prior action," to the exclusion of those that *could have been* asserted in the prior action.[5]

Therefore, C.P.L.R. 205(b) does not save the New Claims or New Defense because they were not raised in the prior action.

### 2. N.Y. C.P.L.R. 203(d)

Kane's asserts that even if C.P.L.R. does not save the New Claims and New Defense, C.P.L.R. 203(d) does, requiring denial of Manulife's motion to dismiss. (*See* Kane's Br. at 6–14.) Under C.P.L.R. 203(d), certain defenses and counterclaims are saved, regardless of whether they were previously alleged, if they arise from the same transaction or occurrence as the opposing party's claims.

C.P.L.R. 203(d) reads in relevant part:

---

[5] The parties also disagree as to the availability of this statute to Kane in his procedural posture as a former defendant who is now a plaintiff seeking declaratory relief. As the Court finds that Kane's counterclaims are not saved because he failed to file an answer in the prior action, it is unnecessary to answer this question at this time. However, the Court notes that C.P.L.R. 3019(d) generally treats counterclaiming defendants as plaintiffs (at least for purposes of the counterclaims), leading to the logical corollary that plaintiffs against whom counterclaims are filed are treated as defendants. This would appear to give a party in the same position as Kane access to 205(b), assuming an answer was filed in the previous action.

> A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of that the demand in the complaint, notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.

This statute effectively codifies the common law rule of "equitable recoupment," which allows a party to respond to an opposing party's claim though that counterclaim would be otherwise time barred if standing on its own. *E.g.*, *SCM Corp. v. Fisher Park Lane Co.*, 40 N.Y.2d 788 (1976) (referring to predecessor statute). However, for the statute to be applicable, the defense and/or counterclaim must arise from the same transaction or series of transactions upon which the demands depend. *Carlson v. Zimmerman*, 882 N.Y.S.2d 139, 141 (N.Y. App. Div. 2009).

"The recoupment doctrine is a limited one and should be narrowly construed." *LaLoggia v. Document Sec. Sys., Inc.*, 2006 WL 1465595, at *2 (N.Y. Sup. Ct. March 22, 2006) (quoting *In re McMahon*, 129 F.3d 93, 97 (2d Cir. 1997)). In particular, courts have "generally required a tight nexus between claim and counterclaim before [C.P.L.R.] 203(d) will save a counterclaim from an otherwise-applicable statute of limitations." *Macaluso v. U.S. Life Ins. Co.*, 2004 WL 1497606, at *7 (S.D.N.Y. July 1, 2004) (citing *Bloomfield v. Bloomfield*, 738 N.Y.S.2d 650 (2001)). While no reported decision has enumerated specific factors to guide the "same transaction" inquiry, *LaLoggia* reflects what courts look at generally when deciding whether a counterclaim arises from the same transaction as the initial claim. In that case, the plaintiff and defendant entered into an agreement with the defendant in 1996; one section of the agreement stated that the defendant would give the plaintiff 3 million shares of stock for providing consulting services from 1996–1999, and another section stated that the defendant would compensate the plaintiff if he secured distribution agreements for certain films owned by the defendant. *LaLoggia*, 2006 WL 1465595, at *3. The

9

plaintiff's claim alleged that the defendant did not compensate him for securing a distribution agreement, while the defendant's counterclaim alleged that the plaintiff had knowledge of pertinent information that rendered his initial consulting services worthless. *Id.* at *1.  The court reasoned that the use of different sections in the contract "manifestly describe[d] compartmentalized performance of each party," concluding that the plaintiff's claims and defendants' counterclaims did not arise out of the same transaction. *Id.* at *3.  It therefore dismissed the defendants' counterclaims as not saved by C.P.L.R. 203(d), despite the fact that both the claims and counterclaims arose out of a single document. *Id.*

Whether a recoupment claim arises out of the same transaction as the opposing party's claim is generally a question of fact. *In re Transcommunications Inc.*, 2006 WL 2089917, at *3 (Bankr. E.D. Tenn. 2006).  However, "bald assertions" stated in a pleading will not defeat a motion to dismiss. *Morse*, 132 F.3d, at 906.  The burden of showing that a recoupment defense meets the statutory requirements lies with the party asserting the defense. *Bankboston (Guernsey) Ltd. v. Schupak*, 99 Civ. 0876 (BSJ), 2000 U.S. Dist. LEXIS 4979, at *11 (S.D.N.Y. Apr. 18, 2000).

Given the structure of the parties' contractual relationship in this case, in conjunction with the strictness with which courts apply the "same transaction" requirement of C.P.L.R. 203(d), the Court finds that Kane's recoupment defense does not arise out of the same transaction as Manulife's claim.  As noted, the *LaLoggia* court held that the use of separate sections within a single contract indicated distinct "transactions," focusing particularly on the compartmentalization of the allegedly related duties under the contract. *See LaLoggia*, 2006 WL 1465595, at *3.  Here, Kane's counterclaims relate to Manulife's duties with respect to the sale of collateral that arose from an agreement distinct from the one underlying Manulife's claims, which relate to Kane's obligations

10

under the debt itself.[6] (Am. Compl. ¶¶ 39-40.) On top of the fact that these obligations arise from separate contracts, the categories of contemplated performances—i.e., a secured party selling collateral and a debtor discharging its debts—are distinct. The mere fact that the parties' relationship spans both of the agreements and sets of obligations does not mean that they arise under the same transaction for the purposes of CPLR 203(d); that Kane's counterclaims are "related" to Manulife's claims is simply not enough.[7]

### D.  Kane's Remaining Arguments

Finally, Kane declares that questions of fact remain as to whether (1) equitable estoppel should extend or suspend the statute of limitations, based on Kane's lack of knowledge of true facts; (2) the statute was tolled because Manulife's actions breached a duty of continued performance; and (3) certain causes of action based on alleged fraud can survive time bars when they accrue upon discovery. (Opp'n Br. at 27–29.) Kane does not point to any particular facts that support any of these arguments, nor does he identify any reasonable factual inferences the Court could make in his favor.

---

[6] The Court can consider the contracts at issue here without converting the Motion to Dismiss to a Motion for Summary Judgment because they are integral to and explicitly relied on in Kane's amended complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[7] The Court observes that mid-level and federal courts applying New York law have differed on whether C.P.L.R. 203(d) saves defenses first raised in amended pleadings. In line with the view that recoupment is a doctrine of limited application, some courts have held that the statute will not save defenses that are not asserted in the party's original answer. *See, e.g.*, *Park Ave. Consulting Group v. Newgold, Inc.*, 2008 LEXIS 74378 (S.D.N.Y. Sept. 23, 2008); *Amer. Stock Exch., LLC v. Mopex Inc.*, 230 F. Supp. 2d 333 (S.D.N.Y. 2002); *Coleman, Grasso & Zasada Appraisals, Inc. v. Coleman*, 667 N.Y.S.2d 828 (App. Div. 1998). Other Appellate Division courts have disagreed. *See, e.g.*, *Fortin v. Hill & Markes, Inc.*, 767 N.Y. Supp. 2d 710 (App. Div. 2003); *Ricco & Sons Contracting, Inc. v. Bridgemarket Assoc.*, 675 N.Y. Supp. 2d 351 (App. Div. 1998). Because Kane's recoupment defense does not meet the "same transaction" requirement of the statute, the Court will decline to address the dispute.

Kane does not mention lack of true knowledge, continuing duty or fraud at any point in his amended pleadings, and he does not plead facts that would, if true, allow the Court to agree with his allegations.

## III.   CONCLUSION

For the foregoing reasons, Manulife's motion to dismiss Counts III through VIII of Kane's amended complaint and Kane's Ninth Affirmative Defense [D.E. 69] is **granted**.  An appropriate order will be entered.

December 31, 2010

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.